UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM ALLEN LANE,

    Petitioner,

vs.                                           Case No. 2:10-cv-432-FtM-29DNF
                                               Case No. 2:05-cr-92-FtM-29DNF

UNITED STATES OF AMERICA,

    Respondent.
_____

**OPINION AND ORDER**

This matter comes before the Court on Petitioner William Allen Lane's Motion to Vacate, Set Aside, or Correct Sentence § 2255 (Cv. Doc. #1, Cr. Doc. #55)[1] and supporting Memorandum of Law (Cv. Doc. #2), both filed on July 8, 2010. The United States filed a Response in Opposition asserting in part that the § 2255 motion was untimely. (Cv. Doc. #8, p. 5.) Petitioner filed a Reply Motion. (Cv. Doc. #9.) For the reasons set forth below, the Court finds Petitioner's motion pursuant to Section 2255 is untimely and therefore will be dismissed.

**I.**

On August 31, 2005, a federal grand jury in the Middle District of Florida returned a two count Indictment against William

---

[1]The Court will make references to the dockets in the instant action and in the related criminal case throughout this Opinion and Order. The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

Allen Lane (Lane or Petitioner) charging him with possession of child pornography (Count 1), and transportation in interstate commerce of child pornography (Count 2).  (Cr. Doc. #9.)  On December 6, 2005, Petitioner pled guilty to Count Two of the Indictment pursuant to a written Plea Agreement.  (Cr. Doc. #33.)  Lane's plea was accepted on December 8, 2005 (Cr. Doc. #35), and on March 13, 2006, petitioner was sentenced to 240 months imprisonment, the statutory maximum, and supervised release for life.  Judgment (Cr. Doc. #37) was entered the next day.

Lane filed a Notice of Appeal (Cr. Doc. #38), and on September 22, 2005, the United States Court of Appeals for the Eleventh Circuit affirmed the conviction and sentence.  (Cr. Doc. #47.)  Petitioner sought review by the United States Supreme Court, but *certiorari* was denied on January 8, 2007.  Lane v. United States, 549 U.S. 1153 (2007).

On February 26, 2010, petitioner filed a Notice of Appeal (Cr. Doc. #51) asserting that the notice of appeal was being filed under 28 U.S.C. § 2255 and Fed. R. Crim. P. 35(2)(c).  In response, the Court entered an Order (Cr. Doc. #52) on March 2, 2010, directing petitioner to advise the Court whether he intended to proceed under 28 U.S.C. § 2255, or Rule 35, or something else.  In reply, petitioner filed a Motion to Dismiss (Without Prejudice) (Cr. Doc. #53) stating "it was not his intention to effectuate an appeal or any other post conviction proceeding," and therefore he moved to

dismiss the same without prejudice. The Court entered an Order (Cr. Doc. #54) on March 29, 2010, granting petitioner's request.

Petitioner now brings his 28 U.S.C. § 2255 motion. Giving Petitioner the benefit of the "mailbox rule," Houston v. Lack, 487 U.S. 266 (1988), Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001), the Court will deem the § 2255 motion to have been filed on July 2, 2010, the date Petitioner signed the memorandum while incarcerated, Cv. Doc. #2, p. 32.

## II.

The United States argues in its Response that petitioner's motion is untimely under § 2225(f). (Cv. Doc. #8, p. 5.) Petitioner's Reply does not address the issue of timeliness. (Cv. Doc. #9.)

A one year period of limitations applies to § 2255 motions. 28 U.S.C. § 2255(f); Long v. United States, 626 F.3d 1167, 1169 (11th Cir. 2010). A petitioner has one year from the latest of any of four events to file a § 2255 motion: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively

applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(1)-(4); see also Pruitt v. United States, 274 F.3d 1315, 1317 (11th Cir. 2001).

The statute of limitations for Petitioner began to run when his conviction became final. 28 U.S.C. § 2255(f)(1). If a petition for *certiorari* is filed with the United States Supreme Court, a conviction becomes final when the Supreme Court denies *certiorari* or rules on the merits. Clay v. United States, 537 U.S. 522, 527 (2003); Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1987); Drury v. United States, 507 F.3d 1295, 1297 (11th Cir. 2007) ("finality attaches when the Supreme Court denies a habeas petitioner's petition for certiorari review."). Petitioner's conviction became final on January 8, 2007, the day the Supreme Court denied *certiorari*. Therefore, Petitioner had until January 8, 2008[2], to file a motion under § 2255. Petitioner did not file his § 2255 motion until July 2, 2010, approximately thirty months after the expiration of the statute of limitations.[3]

---

[2]The Court's March 2, 2010 Order (Cr. Doc. #52, p. 2) contained a typographical error, stating the § 2255 petition "had to have been filed by January 8, 2009." Petitioner missed both dates.

[3]Even if the Court were to use February 15, 2010, the date petitioner submitted for filing his voluntarily dismissed Notice of Appeal (Cr. Doc. #51), the Motion would remain untimely.

Petitioner does not rely upon any other statutory or any equitable basis which would extend the time to file a § 2255 motion. To excuse the default, the Petitioner must show cause and prejudice, or a miscarriage of justice, or actual innocence. McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011). Petitioner has not shown any of these excuses for his untimeliness.

Accordingly, it is now

**ORDERED:**

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence § 2255 (Cv. Doc. #1, Cr. Doc. #55) is **DISMISSED AS UNTIMELY** for the reasons set forth above.

2. The Clerk of the Court shall enter judgement accordingly, terminate any pending motions, and close the civil file. The Clerk is further directed to place a copy of the civil judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 129 S. Ct. 1481, 1485 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would

find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citation omitted). Petitioner has not made the requisite showing in these circumstances.

Further, because Petitioner is not entitled to a certificate of appealability, he is not entitled to proceed *in forma pauperis* on appeal.

**DONE AND ORDERED** at Fort Myers, Florida, this __21st__ day of December, 2011.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge


Copies:
    William Allen Lane
    Yolande G. Viacava, AUSA